McGee v. Gill.

CASE 21—ORDINARY—NOVEMBER 13, 1880.

# McGee v. Gill.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. Appellee being elected prosecuting attorney of the city court of Louisville on the first Monday in August, 1880, was entitled to hold the office from the first Monday in September, 1880.

2. Where no time is fixed at which the term of office is to begin, the party elected may enter upon the discharge of its. duties when he receives his certificate and is qualified according to law.

3. The term of appellee's predecessor expired the first Monday in September, 1880.

C. B. SEYMOUR FOR APPELLANT.

The term of appellee as prosecuting attorney of the Louisville city court does not begin until the first Monday in January, 1881. (Constitution, art. 4, sec. 41; new charter of Louisville, March 3, 1870; Acts. 1879-'80, page 27; Gen. Stat., chap. 21, secs. 1, 23; Louisville City charter, sec. 41.)

BIJUR & DAVIE, T. L. BURNETT, AND W. LINDSAY FOR APPELLANT.

1. There can be no question that if the "McDermott bill" of 1880 had not passed the general assembly, appellant's term of office would extend to January, 1881.

2. There is no intention apparent upon the face of that act to cut off one fourth of a faithful officer's term of office. It only extends the term of office of the prosecuting attorney to four years.

3. No new law shall be construed to repeal a former law as to any . . . right accrued or claim arising under the former law. (Gen. Stat., 247.)

4. General terms should be so limited in their application as not to lead to injustice or oppression. (7 Wall., 486; 9 Ib., 407; Bailey v. Conner, 11 Bush, 691; Hardin's Rep., 325; Gen. Stat., 684; Constitution, art. 4, sec. 41; Ib., art. 6, sec. 4.)

J. PHELPS, R. F. BAIRD, AND S. A. ATCHISON FOR APPELLEE.
No brief for appellee.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In August. 1878, Henry Clay was elected and qualified as prosecuting attorney of the city court of Louisville, and entered upon the discharge of his duties in the month of

McGee v. Gill.

September following. Having resigned this office before the expiration of his term, the appellant was appointed to fill the vacancy.

At the August election, 1880, the appellee, Charles Gill, was elected prosecuting attorney of the city court, and the incumbent, J. W. McGee, refused to surrender the office, upon the ground that the term for which Clay was elected did not expire until the first Monday in January, 1881.

This petition was then filed by Gill under section 483, Civil Code, asking that he be placed in possession of the office to which he had been elected.

It is admitted by the demurrer to the petition that Clay entered upon the duties of the office on the first of September, 1878, and the duration of his term was two years. It is claimed, however, that he had no right to take possession of the office by virtue of his election until the first of January, 1879, as his term of office did not begin until that period.

The charter of the city of Louisville, adopted in the year 1870, provides: "The city court of Louisville, in said city, shall remain. It shall be a court of record, composed of a single judge; and shall have a clerk, prosecuting attorney, and marshal. The judge shall have the qualifications of a county judge; the clerk of a county court clerk; *the attorney of a commonwealth's attorney;* and the marshal those of a sheriff, all to be elected by the qualified voters of the city at the time and places prescribed by law for holding State elections, and for the *periods* prescribed by the 41st sec., art. 4, of the constitution of the state, except the prosecuting attorney, *whose term of office shall be the same as the marshal's,* and to be elected at the same time. Under this provision of the charter of 1870 the attorney held his office for

McGee v. Gill.

two years; but by the act of February 21, 1880, this provision was amended by making his term four years. This was the only effect of the amendment of February, 1880, and the time for entering on the discharge of the duties of the office remained as if the amendment had not been enacted, unless the act of February, 1880, is to be regarded as a repeal of the act of 1870; and if such a construction is placed upon it, it might well be argued that the incumbent, Clay, was no longer in office, as that act took effect from its passage (except as to the fees of the clerk and marshal), or if not in effect removed from office by this legislation, his term made to terminate in September, 1880, instead of January, 1881. This is upon the theory, that by the act of 1870 he held his office until January, 1881. The only difference between the act of 1870 and that of 1880 is, that in the last named act the words "*except the prosecuting attorney, whose term of office shall be the same as the marshal's, and to be elected at the same time,*" are omitted, and the words "*the prosecuting attorney shall be elected for a term of four years,*" substituted. The act of 1880 purports on its face to be an amendment to the act of 3d of March, 1870, and there is nothing in the amendment indicating a purpose to interfere in any way with the term of office then being enjoyed by the incumbent, and we are asked by mere inference to assume the existence of a legislative intent that must deprive the officer of the right to hold his office during the period for which he was elected. The General Statutes expressly provide that "no new law shall be construed to repeal a former law . . . . as to any right accrued, or claim arising under the former law, or in any way to affect . . . . any such right accrued or claim arising before the new law takes effect, save only that the proceedings thereafter had

McGee v. Gill.

shall conform, so far as practicable, to the laws in force at the time of such proceedings." Adopting this statutory rule of construction, or giving the provision a reasonable and fair construction in arriving at the legislative intent, and it is evident that the act of 1880 extending the term of the attorney for four years did not affect the period at which the attorney should enter upon the duties of his office, and the appellee's right must, therefore, depend on the construction of the charter as we find it in 1870.

The constitution of the state provides that sheriffs "shall be elected on the first Monday in August in every second year, and shall enter on the duties of their office on the first Monday in January next succeeding their election." So a sheriff elected in August, 1878, will enter on the duties of his office on the first Monday in January, 1879, and his term being two years, would expire on the first Monday in January, 1881.

The constitution also provides that judges, clerks, and marshals, of the city court of Louisville, the Lexington city court, &c., shall "hold their office for the *same term* as county judges, clerks, and sheriffs respectively." (Section 41 of article 4, Const.) So the marshal, holding his office for the same term as the sheriff, if elected in August, 1878, would enter on the discharge of his duties by reason of his election on the first of January, 1879, and his term of office would expire on the first Monday in January, 1881. It is evident, therefore, that the sheriffs and marshals, by reason of the provisions of the constitution referred to, enter upon their respective offices on the first Monday in January succeeding their election; and the only question in this case is to determine the legislative intent as to the time at which the prosecuting attorney shall enter upon the discharge of

,his duties; and although Clay may have entered upon the -duties of the office in September, 1878, if he had no such right under the city charter, and was a mere usurper from that time until the first Monday in January, 1879, he is, nevertheless, entitled to continue in office until the expira- ꜰtion of the term fixed by the charter.

The.similarity of the duties devolving on the judge, clerk, ,and marshal of the city courts to those required to be per- formed by the county judges, clerks, and sheriffs of the state, induced the framers of the constitution to regulate their terms of office as provided by that instrument; and following the constitution, the framers of the charter for the ·city of Louisville, by the act of 1870, provided that the judge should possess the qualifications of a county judge; the clerk of a county clerk, and the marshal those of a ꜰsheriff; and although not required by the constitution, it was also provided that the prosecuting attorney should *pos- ꜰsess the qualifications of a commonwealth's attorney*, and then proceeded to prescribe the time for which they should hold their offices—that of the judge, clerk, and marshal for the *periods* prescribed by the 41st section of article 4 of the constitution; and as no term was prescribed by that instru- ment for the prosecuting attorney, his *term* of office *shall be the same as the marshal's;* not the *same term*, but the term of office ; the duration of time shall be the same, and is equiv- alent to saying that his term of office shall be two years from and after his election and qualification. The case of Stevens v. Wyatt (16 B. Monroe), although not analogous in many respects to the question involved in this case, is a guide to the rule of construction by which it must be de- cided. The duration of time was alone the question to which the attention of the framers of the act of 1870 was

McGee v. Gill.

·called, and not the period at which his duties should commence. Although the terms of the judge and clerk were for a longer period, their election and that of the prosecuting attorney would occur at the same time in every fourth year, and there could have been no reason in permitting the judge and clerk to qualify as soon as they received a ·certificate of their election, and postpone the right of the attorney to a period four months later. It is plain that such was not the intention of the legislature; but, on the contrary, that he should enter on the duties of his office when he receives his certificate of election, and is qualified, unless ·otherwise regulated by law. In arriving at a proper construction of this provision of the charter, the object in view must be considered, and the relation of the officers of the court, the one to the other, and the reason, if any, the meaning being dubious, for associating the attorney with the marshal in the same term, thereby excluding him from qualifying with the judge of the court, whose duties are so intimately ·connected with that of the attorney. The court should adopt that construction the most convenient and just to all parties interested; and this has been done not only by the court below, but by the attorney represented by the appellant, who qualified in September succeeding his election. We think, however, the language of the provision of the ·charter in question evidences plainly the legislative purpose. Where no time is fixed at which the term of office shall begin, the party elected may enter on the duties of his office when receiving his certificate, and qualifying according to law.

The General Statutes, in section 2 of article 11 of chapter 33, provides, that "the term of office of every officer, not ·otherwise provided for, shall commence on the first Monday

of September next after his election." This may refer to county and state officers, police judges, &c., and not to a prosecuting attorney of the city court; yet as the term must have a beginning, and the duration of the term is fixed, we see no reason why this statute should not apply.

Judgment affirmed.